In the Matter of the Claim of BERNARD WALSH, Respondent, against APT. ENGINEERING AND CONTRACTING COMPANY, and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Award affirmed, with costs to the State Industrial Board, on the ground that the work on Governor's Island was incidental to the work of the employer within the territorial confines of New York State and city, and on the further ground that the insurance carrier consented to the award. Hill, P. J., McNamee and Heffernan, JJ., concur; Crapser, J., dissents, with an opinion in which Rhodes, J., concurs.

CRAPSER, J. (dissenting). The employer is a New York State corporation and was engaged in concrete work on Governor's Island. The claimant was a lather and went over to Governor's Island and obtained employment, where he was injured. He had never before been employed by this employer. By an act passed February 15, 1800, the State of New York ceded to the United States jurisdiction over Governor's Island. The act provided that the cession should not extend to prevent the execution of any process, civil or criminal, issuing under authority of the State of New York. It is contended by the appellants that the Workmen's Compensation Law does not apply to this accident for the reason that the claimant was hired, engaged in work and injured upon the island, jurisdiction over which by the act referred to was ceded to the United States. Article 1, section 8, subdivision 17 of the Federal Constitution provides that Congress shall have power to exercise exclusive legislation in all places whatsoever, over all places purchased by the consent of the Legislature of the State in which the same shall be for the erection of forts, magazines, arsenals, dock yards and other needful buildings. When the title of Governor's Island was acquired by the consent of the Legislature of the State of New York Federal jurisdiction became exclusive. Broader or clearer language could not be used and it excludes all other authority than that of Congress, and that no other authority can be exercised over them has been the uniform opinion of Federal and State tribunals. The reservation which has usually accompanied the consent of the States that civil and criminal processes of the State courts may be served in the places acquired is not considered as interfering in any respect with the supremacy of the United States over them, but is admitted to prevent them from becoming an asylum for fugitives from justice. The common law and statutes passed before the cession of the territory to the United States remain in force in the said ceded territory until displaced by Congress but later statutes are of no effect. (*Kaufman* v. *Hopper*, 220 N. Y. 184; *Fort Leavenworth Railroad Co.* v. *Lowe*, 114 U. S. 525; 5 Sup. Ct. Rep. 995; *Commonwealth* v. *Clary*, 8 Mass. 72; *Sinks* v. *Reese*, 19 Ohio St. 306; *Willis* v. *Daniels Co.*, 200 Mich. St. 19.) The rule is different when land has been acquired by the nation without the consent of the State. (*Fort Leavenworth R. R. Co.* v. *Lowe*, *supra*.) The work of the claimant was not incidental to any other work that he had done for the employer within the State of New York. This was his first employment and was confined to a fixed place on Governor's Island to which the Workmen's Compensation Law does not apply. (*Matter of Cameron* v. *Ellis Construction Co.*, 252 N. Y. 394; *Matter of Amaxis* v. *Vassilaros, Inc.*, 258 id. 544.) The award should be reversed and the claim dismissed, with costs against the State Industrial Board. Rhodes, J., concurs.