In the Matter of the Claim of MAX STENDORA, Respondent, against F. SCHNEIDER & SONS and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and carrier from an award of the State Industrial Board. Claimant had been a foreman for the employer for over forty years. Due to lack of work he had not worked the whole of the year immediately preceding the accident. In fixing the average weekly wage the State Industrial Board proceeded pursuant to subdivision 3 of section 14 of the Workmen's Compensation Law, as neither subdivision 1 nor subdivision 2 was applicable, claimant being a five-day worker. The evidence in the case sustains the award. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of Mrs. WILLIAM WHITE, Respondent, against H. J. WILLIAMSON and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Claimant, hired by the month as a cook in employer's hotel, occupied a room adjoining the kitchen. Before retiring at night she went into the kitchen to see what time it was by the kitchen clock to enable her to set her own bedroom clock. While turning out a light over the range she caught her foot in the edge of some linoleum and was injured. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of WILLIAM HAND, Respondent, against APT. ENGINEERING & CONSTRUCTION Co., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.—Award for an injury received on Governor's island, territory ceded by the State of New York to the United States government. The employer is a New York corporation. It functioned as an employer at no place except on Governor's island. The proof in this matter differs from that given in *Matter of Walsh* v. *Apt. Engineering & Contracting Co., Inc.* (240 App. Div. 919) and no concession of liability is made in here. The injury was received outside of the State of New York, and the work was not incidental to a business carried on within the State. Award reversed and claim dismissed, with costs against the State Industrial Board. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.