STERLING BAG CO., INC., Plaintiff, *v.* CITY OF NEW YORK and Others, Defendants.

Supreme Court, Special Term, New York County, April 8, 1938.

*Breed, Abbott & Morgan,* for the plaintiff.

*William C. Chanler, Corporation Counsel,* for the defendants.

NOONAN, J. This is a motion by defendants for judgment on the pleadings under rule 112 of the Rules of Civil Practice.

The action is brought against the city of New York, the comptroller and the collector for a declaratory judgment that the New York city sales tax, Local Law No. 20 (published as Local Law No. 21) of the year 1934, p. 143, as amended by Local Law No. 24 (published as No. 25) of the same year, p. 164; re-enacted by Local Law No. 29 of 1935, Local Law No. 31 of 1936, and Local Law No. 20 of 1937, does not apply to sales by plaintiff of burlap and cotton bags to sugar refiners in the city of New York, and for an injunction restraining the defendants from imposing and collecting the tax.

The complaint alleges that the refiners to whom plaintiff sells its bags pack sugar products therein and then sell the sugar contained in the bags, together with the bags, to various distributors in the city, that the refiners execute resale certificates to plaintiff, and that, therefore, the sales by plaintiff of the bags are free of any sales tax. The city sales tax, under the provisions of section 2

of the aforementioned local law, is applicable only to tangible personal property sold at retail; also, it is not applicable to sugar and sugar products other than candy or confectionery. The sale of personal property " for resale in the form of tangible personal property " is not taxable. Plaintiff asserts that its bags are sold for resale in that form. But the comptroller adopted certain regulations purporting, according to the complaint, to substitute, for the test of taxability set out in the local law, a different test, to wit, whether the containers (in the instant case, the sugar bags) pass to the ultimate consumer together with the tangible personal property therein contained. The latter test, plaintiff alleges, is contrary to the provisions of the local law, under which, plaintiff contends, the sale of bags to the refiners is not taxable, even though the bags do not pass to the ultimate consumers of the sugar.

Plaintiff further alleges that the defendants have refused to honor the certificates of resale which plaintiff procured from its customers and have been exacting and threatening to collect sales taxes not merely from plaintiff but from the refiners, with the result that plaintiff has lost the greater part of its local market for the bags, for the refiners now buy from manufacturers without the city of New York. Inasmuch as the refiners will not, according to plaintiff, buy here if they are required to pay the sales tax, the imposition of the tax cannot result in any appreciable revenue to the city. Plaintiff alleges that, although the defendants have been threatening to collect the tax both from plaintiff and from the refiners for more than a year, nevertheless the defendant comptroller has made no assessment of the tax against plaintiff and no other determination of the issues from which appeal by certiorari or otherwise can be had to the courts, and that, although plaintiff has paid no tax, the comptroller has instituted no proceedings against plaintiff, who, in the meantime, runs the risk of the civil and criminal penalties imposed by the law. The comptroller, according to the complaint, has elected to proceed directly against plaintiff's customers, the sugar refiners, but the proceedings against the latter have been pending undetermined in the comptroller's office for more than a year. Plaintiff complains that thus great damage is caused to its business, as, by reason of the overhanging threat, its local customers will not buy the bags. Under the law plaintiff is charged with the duty of collecting the tax; the tax is imposed upon the customer; the plaintiff, as seller, is the tax-collector.

Before they served their answer to the complaint, the defendants moved to dismiss it for insufficiency, presumably under rule 106 of the Rules of Civil Practice, contending at the same time that the plaintiff should be relegated to the remedy of certiorari pro-

vided by law. That motion was denied by another justice of this court on the authority of *Dun & Bradstreet, Inc.*, v. *City of New York* (276 N. Y. 198). In his memorandum opinion denying that motion, the justice wrote: " The complaint raises a pure question of law, viz., the validity of a regulation promulgated by the comptroller."

Defendants did not appeal from that decision, which is undoubtedly in accord with the principle of *Dun & Bradstreet, Inc.*, v. *City of New York* (*supra*). Instead they chose to serve an answer, denying in their answer that the bags are sold by plaintiff for the purpose of resale in the form of tangible property, denying the invalidity of the comptroller's regulations, and that plaintiff's sales are not taxable, and pleading affirmatively that plaintiff's business is not that of selling burlap and cotton bags for resale, and that plaintiff's customers do not resell the bags in the form of tangible personal property, but use them in connection with the sale of their own products and that, therefore, the receipts from plaintiff's sales of the bags are taxable.

Defendants now move again for judgment, this time under rule 112 of the Rules of Civil Practice on the complaint and answer. Their present contentions do not differ from those raised by them in support of their motion under rule 106 of the Rules of Civil Practice, except that they now assert that by the interposition of their answer containing denials of and controverting the allegations of the complaint as to the nature and effect of the sales, they have presented questions of fact which require the court to remit plaintiff to its statutory remedies culminating in certiorari proceedings, since a declaratory judgment should not be rendered in an action of this kind if there are factual issues to be determined. Questions of fact, defendants maintain, are to be tried out by certiorari, after plaintiff has first exhausted the remedy afforded by either section 7 or section 10 of the local law involved. Those sections require hearing and determination in the first instance by the comptroller.

The plaintiff contends that the remedies provided by sections 7 and 10 of the local laws are only theoretically available and beneficial to plaintiff. Section 7 relates to a case in which an assessment has been made by the comptroller. Plaintiff points out that the comptroller has made no assessment against it and has instead elected to proceed directly against the refiners. Section 10 affords a remedy to a vendee who has paid a tax improperly imposed upon him, or to a vendor who has collected the tax and refunded it to the vendee. In this connection plaintiff points to the fact that the comptroller is proceeding to collect the tax directly from plaintiff's vendees, and that, therefore, there is no occasion for plaintiff to

avail itself of the remedy afforded by section 10. These contentions of plaintiff cannot well be determined at this time; they merit consideration at the trial.

By the interposition of their answer the defendants have not so altered the case that the determination of the motion made by them prior to answering is no longer controlling. The answer does not judicially establish that there are issues of fact in the case. The answer tenders issues of fact; it does not make necessary a judicial determination that there are genuine issues of fact. Whether there are any issues of fact in this case is to be decided when it becomes necessary to resolve the issues — at the trial, not before. The answer puts plaintiff to the proof of the allegations of the complaint, requires plaintiff to present evidence in support of those allegation. If plaintiff successfully establishes those allegations at the trial, and if defendants cannot then disprove them, there will be no issues of fact to prevent the rendition of a declaratory judgment. If serious questions of fact should develop at the trial, questions which are not readily resolved, the trial court, after hearing all of the evidence, will be free to exercise its discretionary power to refuse to grant a declaratory judgment. (Rules Civ. Prac. rule 212.) Although it may appear otherwise at the trial, it cannot be said from the pleadings alone that this is not a proper case for the exercise of the discretionary power of the court to render a declaratory judgment. Whether discretionary power should be exercised in the circumstances may well be a question of degree, to be resolved upon a consideration of the evidence in the case and not upon inspection of pleadings.

It has already been held that the action is properly brought, that the court has jurisdiction to entertain it, and that the complaint is sufficient on its face. That is the effect of the denial of defendant's motion under rule 106 of the Rules of Civil Practice, and is the law of the case. The denial of the motion under rule 106 of the Rules of Civil Practice requires a denial of this motion under rule 112 of the Rules of Civil Practice. (*Endurance Holding Corp.* v. *Kramer Surgical Stores, Inc.*, 227 App. Div. 582.) Defendants are deemed to admit, for the purpose of their motion under rule 112 of the Rules of Civil Practice, that the allegations of fact contained in the complaint are true. (*Hurwitz* v. *Hurwitz*, 216 App. Div. 362; *Ryder* v. *Pyrke*, 130 Misc. 505.) The answer plays no part in the consideration of the motion.

Aside from the binding effect of the prior determination, this court is of the opinion that, if all of the factual allegations of the complaint be taken as true, the plaintiff, a tax collector, has, in the circumstances, no adequate remedy under the local tax law for

the substantial damage which, allegedly, it continues to suffer while the comptroller allows proceedings instituted by him against plaintiff's customers to remain pending undetermined for more than a year, and that, assuming the truth of the allegations of fact contained in the complaint, this is a proper case for the exercise of the court's discretionary power to render a declaratory judgment.

It may be noticed that if, upon consideration of a motion of this character, the complaint were to be deemed modified by the answer, it would almost always be within the power of taxing officials to defeat, at the outset, any action against them for a declaratory judgment or for injunctive relief by the mere interposition of an answer containing broad denials of the allegations of the complaint. What basis there is for these denials is to be ascertained at the trial.

The motion is denied. Order signed.