STERLING BAG COMPANY, INC., Plaintiff, *v.* THE CITY OF NEW YORK and Others, Defendants.

Supreme Court, Special Term, New York County, July 26, 1938.

*Breed, Abbott & Morgan [William L. Hanaway* and *R. Carter Nicholas* of counsel], for the plaintiff.

*William C. Chanler, Corporation Counsel [Max Brofman* and *Bernard H. Sherris* of counsel], for the defendants.

COTILLO, J. This is an action for declaratory judgment adjudging that the receipts from sales of bags sold and delivered in this city are not subject to taxation under the New York City Sales Tax Law. At the outset it is contended by the city that the action may not be maintained in its present form and that plaintiff should be relegated to the remedy prescribed in the taxing statute. This point was raised on defendant's motion to dismiss the complaint prior to answer, its motion for reargument thereof, and its motion for judgment on the pleadings after joinder of issue, and was decided adversely to defendant in each instance. (N. Y. L. J. Dec. 4, 1937, p. 1986; 168 Misc. 179; N. Y. L. J. May 17, 1938, p. 2385.) These decisions were not appealed and became the law of the case in so far as this trial is concerned. (*Endurance Holding Corp.* v.

*Kramer Surgical Stores, Inc.*, 227 App. Div. 582, 584.) It has been adjudged that the complaint before this court states a cause of action for a declaratory judgment. The only question now to be determined is whether the allegations have been sustained by the proof. The defendant offered no evidence whatever and the cross-examination of plaintiff's witnesses did not tend to throw any doubt on the basic facts alleged.

Plaintiff manufactures cotton and burlap bags, which it sells to sugar refiners. The latter use such bags as containers for their product. Such product, which is itself non-taxable, is sold in bags to jobbers and wholesalers, who in turn sell to the consumer. The evidence is undisputed that the selling price of the sugar includes the cost of the bag or other container. Under the Sales Tax Law tangible personal property sold for the purpose of resale is not taxable. The facts here presented show that the bags sold by plaintiff to its customers are used as containers for the latters' product and upon a sale by such customers of their products the cost of the bag is added to the sales price. Is this a sale of the bags for the purpose of resale? The bag is transferred to the vendee for the latter's convenience and becomes the latter's absolute property. For each bag the vendee pays an increase over the cost of the sugar. However infinitesimal this increase may be, it does constitute a part of the purchase price and is not absorbed by the refiner as part of its overhead. The transaction is, therefore, " a transfer of title or possession or both for a consideration," which the City Sales Tax Law states is a sale. In other jurisdictions having similar provisions in their sales tax statutes, their courts have held that containers are " resold " within the purview of the statute if the selling price of the contents is increased. (*Am. Box Board Co.* v. *Stack*, Circuit Court, Kent County, Mich., April 23, 1924, not officially reported; *McCarroll* v. *Scott Paper Box Co.*, 195 Ark. 1105; 115 S. W. [2d] 839.) There appears to be no case in this jurisdiction involving sales of containers. Defendant cites and relies upon *Matter of Mendoza Fur Dyeing Works* v. *Taylor* (272 N. Y. 275), which is not in point by reason of the fact that the article there taxed lost its identity and became part of the product sold by plaintiff's vendee. This case must be decided upon the statute as enacted and not upon the regulations of the comptroller. The latter cannot impose a tax not warranted by the statute itself. (*Dun & Bradstreet, Inc.*, v. *City of N. Y.*, 276 N. Y. 198.) As pointed out in the case last cited, " it is elementary that taxing statutes when of doubtful validity or effect must be construed in favor of the taxpayers." It appears extremely doubtful that the statute, which specifically exempts sales for the purpose

of a resale, was intended to apply to the sale of bags which are transferred by the original vendees to their vendees for an added consideration and which retain their identity when received by the ultimate consumer.

For these reasons plaintiff is entitled to judgment as demanded. Findings have been passed upon. Submit decision embodying all matters found in proposed decision, together with judgment on notice.