In the Matter of the Claim of EUGENE JOSEPH NOEL, Respondent, against A. A. MORRISON & Co., INC., Employer and Non-Insurer, Appellant, and RAY B. MORRISON, Defendant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, October 2, 1940.

*Saperston, McNaughtan & Saperston* [*Howard T. Saperston* and *Emanuel Duke* of counsel], for the appellant.

*John C. Ward*, for Eugene Joseph Noel.

*John J. Bennett, Jr., Attorney-General [Roy Wiedersum, Assistant Attorney-General, of counsel], for the State Industrial Board.*

SCHENCK, J.   Appeal from an award made by the State Industrial Board pursuant to provisions of the Workmen's Compensation Law in favor of the employee and against the appellant corporation. The appellant, A. A. Morrison & Co., Inc., a domestic corporation, was engaged in the business of dismantling railways.   Its principal office and place of business was located at Buffalo, N. Y.   The claimant was employed in New York State as a messenger to convoy a locomotive from Buffalo to Grafton, W. Va.   He was also employed to act as engineer of said locomotive after arrival at the location of the employer's operation in West Virginia.   While convoying said locomotive through Pennsylvania, claimant fell from the caboose of the train to which the locomotive was attached, receiving injuries for which the award was made.

Appellant argues that the award against A. A. Morrison & Co., Inc., was improperly made, contending that Ray B. Morrison, and not the corporation, was the employer, and furthermore, that the State Industrial Board was without jurisdiction to make the award since the employment was located outside of the State of New York.

The question as to whether the claimant worked for Ray B. Morrison or for A. A. Morrison & Co., Inc., against whom the award was made, may be readily disposed of.   The evidence shows that at the time the corporation entered into a contract with the Federal government for the dismantling of the railway in West Virginia, Ray B. Morrison was president, and A. A. Morrison was secretary of the corporation.   On September 29 or 30, 1937, claimant was instructed by the secretary of the corporation to come to Buffalo and look over the locomotive, make it ready, and accompany it to West Virginia.   On October 2, 1937, claimant went to Buffalo and performed work on the locomotive and assisted in loading equipment.   While it appears that the contract between the corporation and the Federal government was purportedly assigned to Ray B. Morrison, individually, by an instrument dated October 3, 1937, there is nothing to indicate that claimant had any knowledge of this assignment.   To the contrary, the evidence shows that claimant was under the impression that he was working for the corporation, he having been employed by the corporation through its secretary on September twenty-ninth or thirtieth, and his work, furthermore, was with a locomotive owned by the corporation and bearing the corporation's name.   The claimant was not bound by an assignment of the work contract in West Virginia from the corporation to Ray B. Morrison, there being

direct evidence in the record that he had no knowledge whatsoever of such assignment.

It being determined that the corporation was the employer, the question remains as to whether or not the employment and resultant injury were subject to the New York Workmen's Compensation Law. The evidence clearly indicates that the finding of the State Industrial Board upon this point was proper.

In the first place, claimant was hired in New York State. The evidence shows that he was instructed to prepare the locomotive for convoy from Buffalo to West Virginia. There is no question but that it was the corporation's intention to use the locomotive and employ the claimant in its operation on the West Virginia job. Since part of claimant's employment was to prepare the locomotive in Buffalo, and another part was transitory in nature, the fact that the remaining portion was to be performed at a fixed point in West Virginia is immaterial. The whole course of employment must be considered. Attention should not be directed solely to the West Virginia phase of the job, even though it is probably true that the employment would never have arisen if the corporation did not have the contract there.

Furthermore, after completing the work in Buffalo and commencing the convoy to West Virginia, the claimant at one stage of the journey returned to New York State from Pennsylvania for further instructions as the result of trouble with the locomotive. It was after he again came to Pennsylvania and resumed the trip that the accident which disabled him occurred. The undisputed evidence on this point obviously substantiates the contention that this was a transitory employment, commencing in New York and subject to the New York Workmen's Compensation Law.

The case of *Matter of Gardner* v. *Horseheads Construction Co.* (171 App. Div. 66) does not support the position urged by the corporation. In that case the employee was engaged to work in Pennsylvania upon a job there. He was at no time engaged in any such operation as the preparation of a locomotive in New York and its subsequent convoy to another State. The rule of the *Gardner* case might apply if the claimant herein had been ordered to report on a job in West Virginia. The situation is different, however, where, as indicated, part of the work is in New York, another part is transitory, and only the remaining part of the contract of employment is limited to a point outside of New York.

The award should be affirmed.

HILL, P. J., BLISS, HEFFERNAN and FOSTER, JJ., concur.

Award affirmed, with costs to the State Industrial Board.