## DUSKIN v. PENNSYLVANIA-CENTRAL AIRLINES CORPORATION.

### No. 10525.

Circuit Court of Appeals, Sixth Circuit.
April 14, 1948.

See also 71 F.Supp. 867.

Benj. Goodman, Jr., of Memphis, Tenn. (R. G. Draper, Walter P. Armstrong, and Benj. Goodman, Jr., all of Memphis, Tenn., on the brief), for appellant.

Lowell W. Taylor, of Memphis, Tenn. (Lowell W. Taylor, of Memphis, Tenn., on the brief), for appellee.

Before ALLEN, McALLISTER, and MILLER, Circuit Judges.

McALLISTER, Circuit Judge.

Delmar D. Duskin was an aviation pilot employed by the Pennsylvania-Central Airlines, appellee herein. While acting as a co-pilot in the course of his employment, he was killed in a crash of one of appellee's planes when landing at Birmingham, Alabama, on January 6, 1946. His widow, and executrix of his estate, filed suit in the District Court for the Western District of Tennessee, claiming damages for negligence on the part of Pennsylvania-Central Airlines. The negligence with which appellee was charged was in ordering the aircraft to proceed from Knoxville to Birmingham under extremely hazardous weather conditions then prevailing, attempting to land the plane at Birmingham from too high an approach, at an excessive speed, with the plane out of control and at a point too near the end of the runway, under the direction of a pilot whose orders Duskin was bound to obey.

Appellee defended on the ground that Duskin's contract of employment with Pennsylvania-Central provided that all the rights and obligations of the parties should be governed by the laws of the state of Pennsylvania, including the Workmen's Compensation Act of that state. 77 P.S. § 1 et seq. It is maintained that, inasmuch as the Pennsylvania compensation act limits recovery for the injury and death of an employee to certain fixed amounts, and excludes an action for damages for negligence on behalf of an employee against an employer subject to that act, appellant's suit would not lie, and was properly dismissed

by the district court on a motion for summary judgment.

Appellant contends that the stipulation in the contract of employment, providing that the Pennsylvania law and Pennsylvania compensation act should govern the rights and obligations of the parties, was defeated by a contradictory provision in another contract which was executed on the same day between Duskin and the company, and that the Pennsylvania compensation act is, therefore, inapplicable to the rights of the parties in this case. It is further claimed by appellant that the provision in the employment contract with respect to the Pennsylvania statute was invalid inasmuch as neither of the parties was a resident of Pennsylvania, the employment was not to be performed there, and no part of the contract was properly referable to that state. Finally, it is contended that even if the laws of Pennsylvania, including the Workmen's Compensation Act of that state, govern the rights and obligations of the parties to the contract here in question, then appellant is, in any event, entitled to maintain her suit for damages. This conclusion is rested on the theory that under Pennsylvania law, where an employee suffers injuries or death in an accident occurring outside Pennsylvania, the laws of the state in which such accident takes place—in this case, the state of Alabama—are applicable.

Appellant's claim that the contract of employment did not bar a suit for damages is based upon the fact that since two contracts were signed by the parties, the provisions of the second contract with respect to the applicability of the Pennsylvania Workmen's Compensation Act to the rights and obligations of the parties, were defeated by a contrary provision in the first contract.

When Duskin applied for employment, he signed a form contract which was also executed by appellee, in which it was stated that, in accepting employment, he agreed that the contract would be governed by the laws of Pennsylvania except so far as it related to workmen's compensation, in which latter case, the laws of the state in which Duskin might reside, would govern.

his workmen's compensation. As stated by counsel for appellant in their brief, it was customary for the company to have all employees sign this particular form contract when applying for employment. However, in the case of flying personnel, it was required that they also sign a contract in which it was agreed that they, as well as the company, would be governed by the laws of Pennsylvania, including the workmen's compensation law of that state. Duskin, as a pilot, therefore, signed the latter form of contract providing for the application of the Pennsylvania laws, subsequent to his signing of the other contract.

■ There can be no doubt that the last contract signed by Duskin superseded the former one. "A subsequent contract completely covering the same subject-matter, and made by the same parties, as an earlier agreement, but containing terms inconsistent with the former contract, so that the two cannot stand together, rescinds, supersedes, and is substituted for the earlier contract, and becomes the only agreement of the parties on the subject." Housekeeper Publishing Co. v. Swift et al., 8 Cir., 97 F. 290, 294. The provision of the agreement stipulating that their rights and obligations would be governed by the Pennsylvania Workmen's Compensation Act, must be held to be the contract of the parties.

We come, then to appellant's contention that, since no element of the contract was referable to the state·of Pennsylvania, the agreement that the rights and obligations should be governed by the laws of that state, was invalid. Appellee is a Delaware corporation. Its principal office is in Washington, D. C. When the contract of employment was executed, Duskin was domiciled in Oklahoma and had a temporary residence in Tennessee. The contract of employment was executed in Washington, D. C. At the time of the accident, and Duskin's death, he was domiciled in Tennessee and had a temporary residence in New York. Duskin's widow and executrix was, at the time of bringing this suit, a resident of Tennessee. The interstate flight in which Duskin was killed originated in New York. The accident, as has been said, happened in Alabama. However, by far the greater portion of Duskin's flying service was over the state of Pennsylvania, as compared to any other state. Every flight required a junction point stop at Pittsburgh, where appellee has approximately 250 persons currently maintaining and operating one of its bases. Appellee also maintains two other bases in Pennsylvania. During his employment, Duskin flew on his regularly scheduled flights over the whole length of the state of Pennsylvania.

Where the duties of the employee were to be performed, as in this case, while flying over many states, it might not be unreasonable to conclude that the contract of employment was "referable" to the laws of the state of Pennsylvania, in view of the central junction point in Pennsylvania, the bases there maintained, the fact that all flights were over the entire length of the state, and that Duskin was obliged to make a stop at the Pittsburgh base on every flight. See Severson v. Hanford Tri-State Airlines, 8 Cir., 105 F.2d 623; Noel v. A. A. Morrison et al., 260 App.Div. 377, 22 N.Y.S. 2d 649; Walsh v. Apartment Engineering & Contracting Co., 240 App.Div. 919, 267 N.Y.S. 872; Matter of Tallman v. Colonial Air Transport, 259 N.Y. 512, 182 N.E. 159. But, in our determination of the case, as hereafter outlined, it is not necessary to decide whether any elements of the contract between Duskin and appellee were "referable" to the laws of the state of Pennsylvania, as the validity of their employment agreement, in our opinion, does not depend upon that consideration.

■ In support of her contention that the employment contract was invalid in providing that the laws of Pennsylvania, including the Workmen's Compensation Act of that state, governed the rights and obligations of the parties, appellant relies on Carl Hagenbeck & Great Wallace Show Co. v. Randall, 75 Ind.App. 417, 126 N.E. 501, in which it was held that no stipulation of the parties as to the law they intend to have govern their contract will be given effect if it is considered to be contrary to the public policy of the law of the forum. Other cases suggest that parties cannot agree to have the obligations of their agreement con-

strued according to the law of a jurisdiction which has no connection with the contract; and that they may have their contractual rights governed by the laws of another state or country, "provided only that such laws have a real, and not a mere fictitious, connection with the subject-matter of the transaction"; and it is said: "It is enough to support this power to contract with reference to the laws of some particular state or country that some of the substantial elements of the contract have their situs in the state or country, the laws of which the parties intend to control their rights under the contract." Crawford v. Seattle, Renton, and S. R. Co., 86 Wash. 628, 150 P. 1155, 1157 L.R.A.1916D, 732. However, the foregoing limitations "have been most frequently applied in cases involving questions of interest, usury, and commercial paper, in instances where the parties expressed an intent in relation to the law they wish to govern the transaction in which they were engaged." Owens v. Hagenbeck-Wallace Shows Co., 58 R.I. 162, 192 A. 158, 164, 112 A.L.R. 113, Id., 58 R.I. 268, 192 A. 464. Unless such a contract be contrary to public policy, there appears no logical or practical reason why parties cannot contract to have their rights governed by the laws of a certain state or country. In Merchants' & Manufacturers' Securities Co. v. Johnson, 8 Cir., 69 F.2d 940, 944, the court observed that the only qualification placed upon the rule that effect would be given to a stipulation that a contract be governed by the laws of a specified state, was that the stipulation must have a normal relation to the transaction, citing Seeman v. Philadelphia Warehouse Co., 274 U.S. 403, 47 S.Ct. 626, 71 L.Ed. 1123. The Seeman case, however, is not authority for so broad a rule, for, there, the court merely declared that parties to a contract cannot evade or avoid the usury laws otherwise applicable by entering into a contract or stipulation for its performance at a place which has no normal relation to the transaction, and to whose laws the parties would not otherwise be subject. It is to be said that, in the Johnson case, the court was also concerned with the question of evasion of usury laws and, doubtlessly, in spite of the general language used, did not consider the opinion of the Supreme Court in the Seeman case to extend beyond a situation where there was an intent to evade usury laws or similar statutes, or evade the public policy of a state, whose laws would be otherwise applicable. To like effect is Brierley et al. v. Commercial Credit Co., D.C.Pa., 43 F.2d 724. See, however, E. Gerli & Co., Inc. v. Cunard S. S. Co. Limited, 2 Cir., 48 F.2d 115. There seems no more justification for precluding parties to a contract from stipulating that the laws of any jurisdiction, even if foreign to the elements of the contract, should govern the rights and obligations of the parties, where not against public policy, than for precluding them from stipulating in express terms what interpretation should be placed upon certain terms, clauses, or provisions of their contract. See Boole v. Union Marine Ins. Co., 52 Cal.App. 207, 198 P. 416; Hurwitz v. Hurwitz, 216 App. Div. 362, 215 N.Y.S. 184. See Annotation 112 A.L.R. 124, 134.

■ The provision in the contract of employment between Duskin and Pennsylvania Airlines, was not contrary to the public policy of Tennessee, the forum—as well as the residence of appellant; nor does anything appear in the record, or briefs, or argument, that discloses or suggests that such a provision was contrary to the laws of the District of Columbia where the contract was entered into, or Alabama where the accident took place. It is our conclusion that the provisions in the contract of employment with reference to the application of Pennsylvania laws, were valid in every respect.

There remains the pivotal question in the case. Considering that the laws of Pennsylvania, including the Workmen's Compensation Act of that state, govern the rights and obligations of Duskin and Pennsylvania Airlines in all matters concerned with the contract of employment, is appellant entitled to maintain her suit for damages?

The Pennsylvania statute provides:

"Article I, Sec. 101. That this Act shall be called and cited as The Pennsylvania Workmen's Compensation Act, and shall

apply to all accidents occurring within this Commonwealth, irrespective of the place where the contract of hiring was made, renewed or extended, and shall not apply to any accidents occurring outside of the Commonwealth, except to accidents occurring to Commonwealth employes outside the Commonwealth while such employes are engaged in duly authorized business of the Commonwealth, and except accidents occurring to Pennsylvania employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth, not over ninety days, when such employes are performing services for employers whose place of business is within the Commonwealth." Pennsylvania Law, p. 736, approved June 2, 1915, as amended, 77 P.S. § 1.

By its terms, the above statute would not apply to the accident in question, unless Duskin were a "Pennsylvania employe," and, if he were such an employee, the act would not apply unless he was engaged in performing services for his employer in Pennsylvania, and the accident occurred outside the state at a time when his duties required him to go temporarily beyond the limits of the state for a period of not more than ninety days.

Duskin was not a "Pennsylvania employe." The provision in the state statute extending coverage of the act to employees who were injured in accidents in the course of employment while temporarily outside of the state, was enacted as an amendment to the statute in 1929, and in construing it, the Supreme Court of Pennsylvania held that the term "Pennsylvania employes," as used therein, "refers only to employes who perform the major portion of their services within the Commonwealth, and not to every employe who is working for a Pennsylvania employer." Salkind v. Pennsylvania Threshermen & Farmers' Mut. Casualty Ins. Co., 335 Pa. 326, 6 A.2d 301, 302. "Manifestly, this amendment was intended by the lawmakers to extend the benefits of the statute to persons normally performing services within the commonwealth for an employer whose place of business is within the commonwealth, but who happened to be injured while they had gone temporarily beyond the limits of the commonwealth in the performance of their duties." Lutz v. State Workmen's Insurance Fund et al., 124 Pa.Super. 149, 188 A. 364.

However, even if it were considered that Duskin had been a "Pennsylvania employe," at the time of the accident and his death, the Pennsylvania statute would not have applied to the accident, inasmuch as he was not merely "temporarily beyond the territorial limits of the Commonwealth" for "not over ninety days." From everything that the record discloses, he was only in Pennsylvania when he made a junction stop at Pittsburgh during his interstate flights. It is clear that while the parties agreed that the Pennsylvania law, including the compensation act of that state, would govern his rights and obligations, such law, by its very terms, sets forth that it does not apply to an accident occurring outside the commonwealth, under the circumstances of this case.

But it is argued by appellee that Duskin and appellee intended that, in the event he was accidentally killed during the course of his employment, his widow would be entitled to the amounts provided by "workmen's compensation statutes," and that the effect of their agreement was that if Duskin were accidentally killed in the course of his employment, Pennsylvania-Central would pay his widow the amounts provided by that act.

What the actual intent of Duskin was, we have no means of knowing. He first signed a certain form contract prepared, and tendered to him, by appellee company, in which it was provided that in so far as it related to workmen's compensation, the laws of the state in which Duskin then resided—that is, New York—would govern his compensation. Shortly afterward, he signed another form contract providing that the Pennsylvania compensation act would govern his compensation. In all probability, he did not notice the difference between the contracts and may not even have read them. We can only judge the intent of the parties in this case by the terms of the contract itself. But it is to be emphasized that the contract of employment,

here in controversy, does not provide that, in case of accident, appellee will pay the amounts provided in the Pennsylvania compensation act. It was only stipulated that the contract be governed by the Pennsylvania compensation act and the laws of that state, and we cannot conclude that the intent of the parties was otherwise, or construe their contract to a contrary effect.

According to the Pennsylvania compensation act, the employee and employer become subject to its provisions only by virtue of their agreement, express or implied, to be bound thereby, although it is conclusively presumed that the parties have accepted the provisions of the act and have agreed to be bound thereby unless an express written statement to the contrary be filed by one of the parties with the state department having jurisdiction, and served on the other party, at the time of the making of the contract of employment. Sections 301 and 302 of Pennsylvania Workmen's Compensation Act. Act of June 2, 1915, P.L. 736, as re-enacted and amended by Act of June 4, 1937, P.L. 1552, further re-enacted and amended by Act of June 21, 1939, P.L. No. 281, Pamphlet Law 520, as amended, 77 P.S. §§ 431, 461, 462.

Even had Duskin been a "Pennsylvania employe" within the meaning of the compensation act of that state, an agreement, express or implied, between him and Pennsylvania Airlines that their rights and obligations would be governed by the Pennsylvania Workmen's Compensation Act would not have had the result that such statute would have applied to the accident giving rise to the suit before us. As was said in Koeppel v. Royal Clothing Co., 150 Pa. Super. 610, 29 A.2d 241, 242: "Unlike the compensation laws of some other states, ours is predicated on the general principle that only accidents within the Commonwealth are compensable. Out of the general principle the legislature has carved an exception for the benefit of those 'temporarily beyond the territorial limits of the Commonwealth.'"

The Pennsylvania Workmen's Compensation Act would not have been applicable to this accident in Alabama, even though Duskin had been a Pennsylvania employee,

and appellee company, a Pennsylvania employer, and even though they had agreed that their rights and obligations were to be governed by the Pennsylvania statute. Compensation would not have been payable therefor, and an express or implied agreement that the act should govern Duskin's rights, in such a case, would not have been a bar to an action by the executrix of his estate for negligence causing his death. With all the more force, then, can it be said that the Pennsylvania act does not apply to the accident in this case, not only because of the fact that it applies only where the party injured is a "Pennsylvania employe" but also because of the express provision of the statute that it does not apply to an accident occurring beyond the territorial limits of Pennsylvania. It is our conclusion, therefore, that since the Pennsylvania act does not apply to the accident in Alabama in which Duskin lost his life, it is no bar to the maintenance of appellant's suit for damages founded on negligence.

Although the Pennsylvania compensation act does not apply to an accident such as the one in this case, Duskin and appellee, in their contract of employment, further agreed that their rights and obligations would be governed, not only by the Pennsylvania compensation act, but also by the laws of the state of Pennsylvania. In Mannsz v. Macwhyte Co., 3 Cir., 155 F.2d 445, 449, the circuit court of appeals held:

"The conflict-of-laws rule of Pennsylvania is that the law of the place where the operative facts occurred must govern the rights of the parties. See the Pennsylvania Annotations to Section 378, Restatement, Conflict of Laws, as cited."

It is evident from the above authority that the rights of the parties in this case would be governed by the laws of the state of Alabama, which the law of Pennsylvania, as above mentioned, makes applicable in such a situation. This seems also to be the law of the forum, Tennessee. In Parsons v. American Trust & Banking Co., 168 Tenn. 49, 73 S.W.2d 698, 700, the Supreme Court of Tennessee said: "The courts of this state have consistently adhered to the principle that the law of the place where a wrong is committed must determine the

rights of the parties affected by such wrong." See also Whitlow v. Nashville, C. & St. L. R. Co., 114 Tenn. 344, 84 S.W. 618, 68 L.R.A 503.

In accordance with the foregoing, the judgment of the district court is reversed and the case remanded for trial on the merits.