Bock *v.* D. B. Frampton & Company et al.

Argued April 27, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNING-
HAM, BALDRIGE, STADTFELD and PARKER, JJ.

*L. Barton Ferguson,* for appellant.

*Mead J. Mulvihill,* and with him *Robert L. Wallace,* for appellee.

OPINION BY GAWTHROP, J., July 14, 1932:

Defendant appeals from a judgment sustaining an award made against it in a workmen's compensation case. Claimant is the mother of Robert L. Bock, who was accidentally killed while in the course of his employment at Homesville, Ohio, on July 29, 1929. It is conceded that she was partially dependent upon her son at the time of his death. Defendant is a Pennsylvania corporation, maintaining an office only in Pittsburgh, Pennsylvania. It is engaged in the buying and selling of lumber and has buying and selling agents performing services for it beyond the territorial limits of Pennsylvania. One of its agents was H. C. Kennedy, who lived in Coschocton, Ohio, and rendered his services in that state. Decedent, who resided in Ohio, went to see Kennedy at Coschocton and sought employment as an additional salesman for defendant in its Ohio territory. Kennedy went to Pittsburgh and received the authorization of his employer to hire the decedent as a helper at a salary of $25 per week, with an allowance for travelling expenses. Kennedy returned to Ohio and notified the decedent of defendant's offer, and the decedent accepted it and began work on June 12, 1929. During the time of his employment he was never beyond the territorial limits of Ohio.

The single legal question involved in the case is whether Section I of the Workmen's Compensation Act of 1915, P. L. 736, as amended by the Act of 1929, P. L. 853 (which is set forth in the margin) permits the claimant to receive compensation for the death of

"Section I. Be it enacted, &c., That this Act shall be called and cited as The Workmen's Compensation Act of one thousand nine hundred and fifteen, and shall apply to all accidents occurring

her son. Prior to the passage of the amendment the act did not apply to any accident occurring outside of the Commonwealth. The amendment of 1929 made an exception to "accidents occurring to Pennsylvania employes whose duties required them to go temporarily beyond the territorial limits of the Commonwealth, not over ninety days, when such employes are performing services for employers whose place of business is within the Commonwealth." Manifestly, this amendment was intended by the lawmakers to extend the benefits of the statute to persons normally performing services within the Commonwealth for an employer whose place of business is within the Commonwealth, but who happened to be injured while they had gone temporarily beyond the limits of the Commonwealth in the performance of their duties. It seems clear that the term "Pennsylvania employes" refers only to employes who perform the major portion of their services within the Commonwealth. We cannot agree with the conclusion of the compensation board that the term "Pennsylvania employes," as used in the act, refers to every employe who is working for a Pennsylvania employer. The words "Pennsylvania employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth," negative such a construction of the term. As it is an admitted fact that from the time Bock was hired on June 12, 1929, until his death on July 29, 1929, he was always within the State of Ohio and never in Pennsylvania, the statute did not apply to

within this Commonwealth, irrespective of the place where the contract of hiring was made, renewed, or extended, and shall not apply to any accident occurring outside of the Commonwealth, except accidents occurring to Pennsylvania employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth, not over ninety days, when such employes are performing services for employers whose place of business is within the Commonwealth."

the accident. It follows that the award made against defendant cannot be sustained.

The judgment of the court below and the award of the compensation board are reversed; judgment is here entered for defendant.