Stewart, Appellant, *v.* Thomas Earle & Sons, Inc. et al.

Argued September 30, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Henry C. Beerits,* with him *Barnes, Dechert, Price & Smith,* for appellant.

*J. Paul Erwin,* with him *C. Howard Harry* and *W. Glenn George,* for appellee.

Opinion by Kenworthey, J., December 8, 1942:

The sole question is whether Horace Stewart, when he met his death, was a "Pennsylvania employe" of Thomas Earle & Sons, Inc. within the meaning of §101 of the Act of June 2, 1915, P. L. 736, as last amended by §1 of the Act of June 21, 1939, P. L. 520, 77 PS 1. The compensation authorities found that he was and, all the other essential facts having been established by stipulation, awarded compensation to his widow. On appeal the court of common pleas reversed and entered judgment for defendant. Claimant appeals.

The Act provides: "This Act ...... shall not apply to any accident occurring outside of the Commonwealth ...... except accidents occurring to Pennsylvania employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth, not over ninety days, when such employes are performing services for employers whose place of business is within the Commonwealth." The Act does not expressly define "Pennsylvania employe." But in *Bock v. Frampton & Co.*, 105 Pa. Superior Ct. 380, 382, 161 A. 762, 763, this court (Gawthrop, J.,) said: "Manifestly, this amendment was intended by the lawmakers to extend the benefits of the statute to persons *normally performing services within the Commonwealth,* for an employer whose place of business is within the Commonwealth but who happened to be injured while they had gone temporarily beyond the limits of the Commonwealth in the performance of their duties. It seems clear that the term 'Pennsylvania employes' refers only to employes *who perform the major portion of their services within the Commonwealth."* (Italics supplied). This definition has had the approval of the Supreme Court in *Salkind v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 335 Pa. 326, 6 A. (2d) 301, where it was said: "It has been held that the term 'Pennsylvania employes' as used in the Act of April

29, 1929, P. L. 853, refers only to employes who perform the major portion of their services within the Commonwealth, and not to every employe who is working for a Pennsylvania employer."

Defendant is a Pennsylvania corporation with its principal place of business in Philadelphia. On May 15, 1940 Stewart was hired at Broad and Lombard Streets, Philadelphia, to work on a construction job in Wilmington Harbor, Wilmington, Delaware. He was, and had been for many years, a resident of Philadelphia. He performed no service for the employer in Pennsylvania, but. went to the job at Wilmington where, on May 30, 1940, he accidentally drowned. It was admitted that the job was not intended and, in fact, did not require more than ninety days for completion. The employer has been paying compensation under the laws of Delaware.

The judgment will be affirmed.

It is not argued that Stewart's Pennsylvania residence constituted him a Pennsylvania employe. The principal contention is that: "The test is whether or not the employe has been performing within Pennsylvania the major portion of his services for *all* employers." It was shown that during the period of forty-two months between January 1, 1937 and May 15, 1940, he had worked twenty-five months within the Commonwealth, principally at Philadelphia. But with the exception of twenty-seven days during 1937, during twenty-four of which he performed work in Wilmington, Stewart had not worked for defendant since July 25, 1936 or for nearly four years. And all of the work performed by Stewart for defendant between September 14, 1935 and July 25, 1936 was performed outside the Commonwealth although, when first em-

---

[1] The words "Pennsylvania employes" were eliminated from the section in question by the Act of 1937, June 4, P. L. 1552 §1, 77 PS 1, but were restored by the amendment of 1939, supra.

ployed by defendant in 1935, he worked for about a month in Philadelphia.

We think the proper test is not whether Stewart had been performing within Pennsylvania the major portion of his services for *all* employers—this would be virtually the equivalent of making the test whether he was a resident of Pennsylvania—but whether, at the time of his death, he was a Pennsylvania employe of *Earle & Sons, Inc.* The Workmen's Compensation Law creates a contractual relationship between a particular employe and a particular employer. Whether or not he is a Pennsylvania employe of the particular employer depends upon the duties he performs for that employer, not upon what his working history has been prior to his employment. And an employe who is hired for a particular job and whose services are exclusively performed beyond the territorial limits of the Commonwealth is outside the scope of the legislation.

Cases in other jurisdictions cited and relied on by claimant are neither controlling nor persuasive. They all deal with statutory provisions which distinguish them.

If the legislature had intended the law to apply to cases like the present, it would have used the simple device adopted in California of making it applicable to "injuries suffered without the territorial limits of this state in those cases where the injured employe is a resident of this state at the time of the injury and the contract of hire was made in this state, ......" See *Alaska Packers Assn. v. Industrial Accident Commission*, 294 U. S. 532, 79 L. Ed. 1044.

We have no quarrel with the rule that "The law of the place where the contract of employment is entered into governs compensation under the Compensation Act." Claimant cites ample authority to support this abstract proposition. And we have regarded the rights

of claimant as contractual and as governed by the law of Pennsylvania as claimant insists we must.

The argument that "public policy" compels us to construe the law in claimant's favor is without merit. For nearly fifteen years between 1915, when the original Act was passed, and 1929, when the section in question was amended, the law contained *no* provision for compensation for accidents happening outside the Commonwealth. The Amendment of 1929, which has been perpetuated ever since in one form or another, marked a step by the legislature to broaden the scope of protection given Pennsylvania employes temporarily employed in other jurisdictions whose laws are less liberal. The limitation we have placed on its scope seems to us to effectuate the plain mandate of the legislature.

The judgment is affirmed.