Koeppel, Appellant, *v.* Royal Clothing
Company et al.

Argued October 1, 1942.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, RHODES, HIRT and KEN-
WORTHEY, JJ.

*G. A. Troutman,* of *McWilliams, Wagner & Trout-
man,* with him *A. F. Barbieri,* for appellant.

*Frank R. Ambler,* for appellee.

OPINION BY KENWORTHEY, J., December 9, 1942:

The only question is whether Max Koeppel was, at
the time of his accidental death in the State of Iowa,

within that class of "employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth, not over ninety days, when such employes are performing services for employers whose place of business is within the Commonwealth." Act of June 2, 1915, P. L. 736, art. 1, §101, as amended by the Act of June 4, 1937, P. L. 1552 §1, 77 PS 1. It is admitted that the employer's place of business is within the Commonwealth, that Koeppel was an employe performing services for his employer at the time of the accident and that, if the stated question is resolved in her favor, his widow is entitled to compensation.

The referee found that "his duties required him to be outside the confines of the Commonwealth of Pennsylvania permanently and not temporarily for a period of less than ninety days." The board affirmed this finding, saying: "The contract entered into by the decedent with the defendant and the decedent's activity required him to travel outside of the Commonwealth for periods in excess of 90 days." The compensation authorities denied compensation and on appeal the court of common pleas affirmed. This appeal followed.

There is virtually no dispute about the facts. Koeppel was first employed by defendant as a travelling salesman January 25, 1936. At that time he was a resident of New Rochelle, N. Y. The contract of employment was in writing and specifically provided that he should act as defendant's salesman in Western Pennsylvania, Ohio, Indiana and Kentucky. In the early part of 1938, Koeppel toured New England on behalf of defendant. On April 1, 1938, a new written contract was made by the parties in which it was provided that Koeppel was to be employed "as their Salesman in the States of IOWA, MINNESOTA, NORTH & SOUTH DAKOTAS, NEBRASKA and WISCONSIN." This contract was for a period of three months—which is in excess of ninety days—and was automatically renew-

able for like periods unless terminated by one week's notice. At the time this second contract was entered into, Koeppel lived in Chicago, Illinois; he never has lived in the State of Pennsylvania.

Although there is nothing in the written contract which required Koeppel at any time or for any purpose to enter the State of Pennsylvania, there was testimony that he did report to defendant's place of business in Philadelphia about six times a year and remain for two or three days, during which he would discuss changes in the lines of clothing sold and selling points. Koeppel was killed in an automobile accident in Green County, Iowa, on May 26, 1938 while on a selling trip.

It was not incumbent upon claimant to prove that Koeppel was a "Pennsylvania employe" (see *Stewart v. Thomas Earle & Sons, Inc.*, 150 Pa. Superior Ct. 591) since the accident happened at a time when the amendment of 1937 was in effect. But it seems plain to us that under no stretch of the imagination was he *"temporarily beyond the territorial limits of the Commonwealth, not over ninety days,"* at the time of the accident. Unlike the compensation laws of some other states, ours is predicated on the general principle that only accidents within the Commonwealth are compensable. Out of the general principle the legislature has carved an exception for the benefit of those "temporarily beyond the territorial limits of the Commonwealth." Webster's New International Dictionary, Second Edition, defines "temporary" as "1. lasting for a time only; existing or continuing for a limited time; not permanent; ephemeral; transitory; 2. pertaining to a certain time." We think the referee and board were entirely justified in concluding from the evidence that Koeppel's position involved services exclusively to be performed outside of the Commonwealth with, at most, the requirement that he make periodical reports to his employer at Philadelphia. To hold that he was "temporarily be-

yond the territorial limits of the Commonwealth"
would require an unwarranted distortion of the nature
of his employment.

Judgment for defendants is affirmed.