Morrison v. Vance et al., Appellants.

Argued March 14, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*J. Webster Jones,* for appellants.

*Harris I. Weisbord,* for appellee.

OPINION BY DITHRICH, J., April 26, 1945:

In this workmen's compensation case claimant was injured in a fall down the staircase in the temporary summer residence of defendant, his employer. The referee awarded compensation for a period of two months. On appeal to the board by both parties, a finding of total disability was entered and on appeal to the court of common pleas the findings of the board were affirmed.

The appellants raise several questions, only two of which merit discussion. They are: (1) whether the claimant was injured while in the course of his employment, and (2) whether the accident which occurred in New Jersey was within the extra-territorial provisions of the compensation law which provides that the act "shall not apply to any accident occurring outside of the Commonwealth ...... except accidents occurring to employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth,

not over ninety days, when such employes are performing services for employers whose place of business is within the Commonwealth." Act of 1939, June 21, P. L. 520 Sec. 1, 77 PS Sec. 1.

The evidence viewed in the light most favorable to claimant and allowing him all reasonable inferences since the findings of fact are all in his favor, *Baumann v. Howard J. Ehmke Co.*, 126 Pa. Superior Ct. 108, 112, 190 A. 343, is as follows. The defendant owned and rented eight apartment houses in Philadelphia and had acquired a small farm in Haddonfield, New Jersey, which she was occupying as a summer residence. The claimant was employed as a general maintenance man. His duties were to keep the buildings in repair and to do general maintenance work such as painting, papering, plumbing, plastering, and carpentry. Part of claimant's wages was paid in board and lodging and he lived in defendant's residence both in Pennsylvania and New Jersey. He was subject to call twenty-four hours a day. He drove defendant to and from her farm as necessity required, did some of the work about the farm, and on June 22, 1943, the date of the accident, he went to the farm "for the purpose of fixing a roof that was in bad shape." After he had repaired the roof he had a lunch, went to bed about 9:30 or 10:00 o'clock, and at midnight he was awakened by Mrs. Vance, his employer, who asked him to go down and close the garage doors which were slamming in a storm that had arisen. In complying with her request he fell down the staircase and was seriously injured.

The Workmen's Compensation Act of 1915, P. L. 736, Art. III, Sec. 301, as amended, 77 PS Sec. 411, defines course of employment as follows: "The term 'injury by an accident in the course of his employment' as used in this article, . . . . . . shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, . . . . . . " It is the contention of the appellant insurance

carrier that the claimant was employed solely as a mechanic to maintain and repair his employer's apartment houses in Philadelphia. The negativing of appellants' contention cannot be more succinctly expressed than it was by the learned judge of the court below as follows: "As to whether the injury was sustained in the course of employment, the evidence is that the employee was covered as engaged in 'general building and maintenance work.' This is an unusually broad type of employment, and would appear to include anything which may contribute to the upkeep and repair of buildings; hence it would necessarily include measures taken to prevent damage such as was threatened by the swinging of the door. The fact that this occurred at midnight does not affect the situation since the employment was not restricted to definite hours. The nature of the employment required the claimant to do whatever was required whenever the necessity arose."

There is no merit in appellants' contention that claimant was not obeying an order merely because defendant asked him "if he would mind" going down and closing the garage doors. An order is aften couched in the language of a request. The board has found that the claimant sustained his injury in the course of his employment. There was sufficient competent evidence to support this finding.

The second contention of appellants that claimant was not a Pennsylvania employee temporarily beyond the Commonwealth not over ninety days is also based on the erroneous theory that the work of the claimant was confined to maintaining the apartment houses in Philadelphia. As stated by the learned judge of the court below: "While the major part of the services performed by this employee was in connection with the maintenance of apartment houses in Philadelphia, the labor performed at the New Jersey property, also owned by defendant, was of the same nature, was incidental to the employer's business, and did not require the

claimant to remain outside of the Commonwealth beyond the period stated in the Act."

Claimant was a "Pennsylvania employe" within the meaning of Sec. 101 of the Act of June 2, 1915, P. L. 736, as last amended by Sec. 1 of the Act of June 21, 1939, supra: *Bock v. D. B. Frampton & Co.*, 105 Pa. Superior Ct. 380, 161 A. 762; *Salkind v. Penna Threshermen & Farmers' Mutual Casualty Ins. Co.*, 335 Pa. 326, 6 A. 2d 301, and as such comes directly within the exception in the act, to-wit: "accidents occurring to employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth, not over ninety days, when such employes are performing services for employers whose place of business is within the Commonwealth."

"Manifestly, this amendment was intended by the lawmakers to extend the benefits of the statute to persons normally performing services within the Commonwealth for an employer whose place of business is within the Commonwealth, but who happened to be injured while they had gone temporarily beyond the limits of the Commonwealth in the performance of their duties": *Bock v. D. B. Frampton & Co.*, supra.

The claimant was only temporarily outside of the Commonwealth. The undisputed testimony of the claimant, the only evidence on this point, was that he commuted from New Jersey to Philadelphia daily, and that the longest period he stayed in New Jersey was for ten days. At no time was he out of the Commonwealth for a period of ninety days or more. But appellants argue that since claimant "intended to go there as long as it (the farm) was owned by his employer" and that "she owned (it) at late as November 1943" when claimant was last there, and since he had first gone there on Good Friday, April 22, 1943, and the accident occurred June 23, 1943, "his period of absence from Penna., was cut short by the accident."

In our opinion this argument is extremely far-fetched

and wholly untenable. Manifestly, the legislature intended the "ninety days" to mean a continuous period and not ninety days spread out over a period of months or years. Otherwise, a travelling salesman, for illustration, whose duties required him to go "temporarily beyond the territorial limits of the Commonwealth" would not be covered by the amendment if he were required to make such a trip say once a month for more than three months or ninety days. See *Baumann v. Howard J. Ehmke Co.*, supra.

The purpose of the amendment as we stated in *Kelly v. Ochiltree Electric Co.*, 125 Pa. Superior Ct. 161, 167, 190 A. 166, "was to put men temporarily performing service outside of the state on a parity with those working within the state, limited only by the extent of time during which such services might be performed." The very purpose of the amendment would be defeated if we were to place upon it the construction contended for by the appellant insurance carrier.

The judgment is affirmed.