## DUSKIN v. PENNSYLVANIA–CENTRAL AIRLINES CORPORATION.

### Civ. No. 1121.

District Court, W. D. Tennessee, W. D.
March 18, 1947.

R. G. Draper and Walter P. Armstrong, both of Memphis, Tenn., for plaintiff.

Lowell Taylor, of Memphis, Tenn., for defendant.

BOYD, District Judge.

On October 11, 1945, plaintiff's decedent entered into a written contract of employment with the defendant, a Delaware Corporation. This instrument, among other things, provided: "All of the rights and obligations of the parties hereto shall be governed by the laws of the State of Pennsylvania, including the Workmen's Compensation Act of Pennsylvania."

Immediately after the contract of employment was entered into, plaintiff's decedent began work as a copilot on defendant's planes, with LaGuardia Field, New York, as his base of operations. He lived in New York with his family and all flights participated in by him originated at LaGuardia Field. Regularly scheduled round-trip flights were made by plaintiff's decedent to Birmingham, Alabama, Chicago, Illinois and Pittsburgh, Pennsylvania. On all of these trips it was necessary for plaintiff's decedent to fly across the State of Pennsylvania, and make a regularly scheduled stop at the Pittsburgh Airport. The defendant corporation maintains operating bases in Pittsburgh, Harrisburg and Erie, in the State of Pennsylvania, and has its principal office at Pittsburgh, where it employs approximately 250 persons.

On January 6, 1946, plaintiff's decedent, while in the course of his employment, was killed when the airplane on which he was employed as a copilot, crashed while attempting to land near Birmingham, Alabama. On August 14, 1946, plaintiff, surviving widow, a resident of Tipton County, Tennessee, filed this suit for damages as the executrix of decedent's estate, alleging certain acts of common-law negligence on the part of the defendant.

Pursuant to Rule 12(b) (6) and (f), of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, plaintiff, by motion, seeks to strike Paragraph II of the defendant's answer herein which attempts to set up the Workmen's Compensation Act of Pennsylvania, 77 P.S. § 1 et seq., as a defense.

The principal question raised by the motion is whether this Court should apply the law of the State of Alabama, or whether the Workmen's Compensation Act of Pennsylvania controls with respect to plaintiff's rights.

It is the plaintiff's contention, among other things, that the laws of the State of Alabama should be applied in this case, inasmuch as the accident occurred in Alabama, and, especially, since giving recognition to the employment contract herein, or the Pennsylvania Compensation Act embraced in it, would be obnoxious to the public policy of the State of Alabama, particularly, in view of Section 329 of the Employer's Liability Act of Alabama, Code 1940, Tit. 26, as follows: "§ 329. Insurance benefit no bar to recovery.—No contract of employment, insurance, relief benefit, or indemnity for injury or death entered into by or on behalf of any employee, nor the acceptance of any such insurance, relief benefit, or indemnity by the person entitled thereto, shall constitute any bar or defense to any action brought to recover damages for personal injuries to or death of such employee; but upon the trial of such action against any employer, the defendant may set off therein any sum he has contributed toward any such insurance, relief benefit or indemnity that may have been paid to the injured employee, or, in case of death, to his personal representative."

Further, it is urged by the plaintiff, in effect, that the Pennsylvania Compensation Act is not applicable to accidents occurring outside the Commonwealth of Pennsylvania, except under conditions which are not shown to exist in this case, and that plaintiff is without redress under the Workmen's Compensation Act of Pennsylvania. In this connection plaintiff cites Article I, Section 101, and Article I, Section 104, of the Workmen's Compensation Act of Pennsylvania, which read as follows:

"Sec. 101. This act shall be called and cited as The Pennsylvania Workmen's Compensation Act, and shall apply to all accidents occurring within this Commonwealth, irrespective of the place where the contract of hiring was made, renewed, or extended, and shall not apply to any accident occurring outside of the Commonwealth, except to accidents occurring to Commonwealth employes outside the Commonwealth while such employes are engaged in duly authorized business of the Commonwealth, and except accidents occurring to Pennsylvania employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth, not over ninety days, when such employes are performing services for employers whose place of business is within the Commonwealth."

"Sec. 104. The term 'employee' as used in this act is declared to be synonymous with servant, and includes—

"All natural persons, who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer, and exclusive of persons to whom articles or materials are given out to be made up, cleaned, washed, altered, ornamented, finished or repaired, or adapted for sale in the worker's own home, or on other premises, not under the control or management of the employer."

Defendant denies there is anything in the contract of employment or the Workmen's Compensation Act of Pennsylvania which could be construed as offensive to the public policy of Alabama. Defendant insists that the written contract of employment entered into by plaintiff's decedent and the defendant, which embraces the Pennsylvania Compensation Act, is a valid contract and one which is binding on the plaintiff by virtue of the provisions of Article III, Section 303, of the Workmen's Compensation Act of Pennsylvania, to wit: "Sec. 303. Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided, in article three of this act. Such agreement shall bind the employer and his personal representatives, and the employe, his

870

or her wife or husband, widow or widower, next of kin, and other dependents."

It is also contended by the defendant that, irrespective of the contract in question, plaintiff's rights in this matter are governed by the Workmen's Compensation Act of the State of Pennsylvania and that said Act presents a complete bar to this action.

■ The Court is of the opinion plaintiff's contentions are without merit and must be rejected. Clearly, under the facts herein, plaintiff's decedent, for all intents and purposes, was a Pennsylvania employe of the defendant corporation, as defined by the terms of the Pennsylvania Workmen's Compensation Act, Article I, Section 104, supra, and by the Supreme Court of Pennsylvania in the case of Bock v. Frampton & Co., 1932, 105 Pa.Super. 380, 161 A. 762.

There is nothing in Article I, Section 101, supra, of the Pennsylvania Compensation Act which deprives plaintiff of her rights under such law, since her decedent, under the facts of this case, came clearly within its provisions. Morrison v. Vance, 157 Pa.Super. 244, 42 A.2d 195. He was within the coverage of the Act at the time he entered into the contract of employment herein and at the time of his death.

■ There is nothing in the Pennsylvania Workmen's Compensation Act, or the contract of employment herein, which could be said to be injurious to, or against the good of the people of Alabama, as ascertained or measured by the settled policy of that state, or government, found in its Constitution, laws or judicial decisions. Georgia Fruit Exchange v. Turnipseed, 9 Ala.App. 123, 62 So. 542. Neither the contract nor the Compensation Law of Pennsylvania is obnoxious to the public policy of Alabama. Alabama itself, has a Workmen's Compensation Act passed by its Legislature in 1919, and made effective in 1920. Code 1940, Tit. 26, § 253 et seq.

■ Section 329 of the Alabama Employer's Liability Act, relied on by the plaintiff, has not been correctly interpreted by plaintiff, has no application to the case at bar and does not fashion the public policy of the State of Alabama. While this section does mention "contract of employment", the purpose and intent of the section is to the effect that the acceptance of any benefits under such employment contract, or any insurance, relief benefits or indemnity by any such person entitled thereto, shall not constitute a bar, or be a defense, to any action to recover damages, but that such payment shall be construed merely as a set-off.

■ Since the Workmen's Compensation Act of Pennsylvania covers and governs the rights and obligations of the parties, it follows that this Act must be recognized by the State of Alabama under the "Full faith and credit" clause of the Constitution, Article IV, Section 1. Bradford Electric Light Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026, 82 A.L.R. 696; Alaska Packers Ass'n v. Comm'n., 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044; Pacific Ins. Co. v. Comm'n., 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940.

■ Plaintiff's motion to strike is accordingly denied.