Kutt, Appellant, *v.* Beaumont Birch Company.

Argued October 11, 1954. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (ROSS, J., absent).

*David L. Ullman,* for appellant.

*A. F. Barbieri,* with him *Glenn A. Troutman, McWilliams, Wagoner & Troutman,* for appellees.

OPINION BY HIRT, J., January 14, 1955:

The claimant had been in the employ of Beaumont Birch Company, though not continuously, for more than fifteen years. He was a steel worker and had the status of a job foreman on the structural steel operations of the defendant. His duties were to supervise the work in accordance with instructions from his superior, the operation superintendent. This employer had contracted for the erection of a coke-handling structure for the Atlantic City Gas Works and claimant was assigned to the work. Construction began on January 12, 1948 and continued until May 7, 1948 when the work was completed. Claimant was continuously employed on this structural steel operation of his employer in New Jersey throughout the period of four months. Near the close of the work-day of April 21, 1948 the men under claimant had difficulty in maneuvering a two-ton chute into place so that it could be bolted to the structure. In this emergency claimant climbed to an I beam forty feet above the ground and, seated upon it, attempted to push the chute into place with his right foot. While so doing he experienced a cramp in his leg but nevertheless, after a short period of rest, repeated the process and thus moved the chute into place. From that time on however he suffered pain intermittently, between the lower calf of the right leg and the upper third of the thigh. The pain has prevented him from working above the ground and has restricted his usefulness as a steel worker and his opportunity for employment as a job foreman on structural work. Alleging disability from accident, claimant sought compensation on that score. His medical witness ascribed the disability in the leg to the strain

resulting from the effort to move the chute into place. The medical testimony for the defendant was to the effect that claimant has a chronic progressive occlusion of a blood vessel of the leg unrelated to trauma which was diagnosed as incipient Buerger's disease. The Board in this appeal from the disallowance of compensation by the Referee, stated: "There is little question that as a result of the pathology involved the claimant's usefulness in any work above the ground was destroyed." But the Board did not find it necessary to decide whether the disability resulted from accident or from systemic causes unassociated with trauma. The Referee had found in effect that claimant's duties in this instant employment with the defendant required him to go outside the State of Pennsylvania for a period of more than 90 days and on that ground denied compensation. The Board affirmed the findings and conclusions of the Referee and dismissed the claimant's appeal for want of jurisdiction of the subject matter under Section 101 of the Act of June 2, 1915, P. L. 736, as amended, 77 PS §1. The lower court affirmed the disallowance on the same jurisdictional ground.

Claimant was not a Pennsylvania employe entitled to compensation within the exception of §101 of the Act. Of the four operations preceding the Atlantic City employment only one was in Pennsylvania; the others were in Massachusetts, Maine and Florida. His prior work for the defendant indicates the roving nature of his employment. Not every employe working for a Pennsylvania employer is entitled to the benefits of the Act as amended. In general the exception of §101 refers only to employes who perform the major portion of their services within the Commonwealth. *Bock v. D. B. Frampton & Co.,* 105 Pa. Superior Ct. 380, 161 A. 762; *Lutz v. State Work's Ins. Fund,* 124

Pa. Superior Ct. 149, 188 A. 364. Under the above provision of our Workmen's Compensation Law, an employe who is hired for a particular job and whose services in connection with that operation are exclusively performed beyond the territorial limits of this State is not a Pennsylvania employe within the meaning of §101. *Stewart v. Thomas Earle & Sons, Inc.,* 150 Pa. Superior Ct. 591, 29 A. 2d 239. And in any view claimant does not come within an exception of §101 for the reason that his duties required him to go beyond the territorial limits of the Commonwealth for more than 90 days.

There is no dispute as to the fact that claimant started the job in Atlantic City on January 12, 1948 and without interruption because of the alleged accident, worked continuously until its completion on May 7, 1948. As a foreman he was paid on the basis of 40 hours each week. During the period of 100 days between January 12, 1948, the inception of the work and April 21, 1948, the date of the alleged accident, there were only 68 work days and it is the contention of claimant that he is within the exception of §101 because at the time of the alleged accident he had not *worked* 90 days in New Jersey. The number of actual working days within the period is irrelevant. The exception of the Act does not refer to 90 consecutive work days, but to the period of the employe's absence from the State while performing services for a Pennsylvania employer. *Morrison v. Vance et al.,* 157 Pa. Superior Ct. 244, 42 A. 2d 195. The exception is limited "to employes whose duties require them to *go* temporarily beyond the territorial limits of the Commonwealth, not over ninety days . . ." while "performing services" for Pennsylvania employers. The instant operation, as to the workmen, including claimant, was on a five-day week basis. He and his wife set up a

temporary home in an apartment in Atlantic City for the duration of the work there. On a number of occasions he went to Philadelphia for medical treatment of his wife and he and his wife also spent weekends in their home in Philadelphia. He however invariably returned to Atlantic City without loss of time on the job. There was no interruption in claimant's status as an employe of the defendant throughout the period of the operation in New Jersey and his employment was related exclusively to four months work of 40 hours each week on that job. His trips to Philadelphia during the period were for reasons entirely personal to him. And he performed no service for his employer in Pennsylvania between January 12 and May 7, 1948. The ultimate finding of the compensation authorities is to the above effect.

But claimant insists that, in any view, the defendant and its insurance carrier are estopped from denying compensation on jurisdictional grounds. If claimant's disability resulted from accident it is contended that he had a compensable claim under the New Jersey statute which in fact is more favorable to a claimant as to benefits than our Workmen's Compensation Law. The same insurance company was the employer's carrier in both States. It is contended that the insurer "misled the claimant and affirmatively advised him to file his claim in Pennsylvania" and it is argued that, since the time limitation of §101 was first raised as a defense after the statutory period of limitation had run against the claim in New Jersey, the employer is estopped from defending the present claim for lack of jurisdiction in Pennsylvania. The factual background asserted by claimant in urging estoppel may be thus stated: Claimant testified that in May 1948 he reported the "accident" at defendant's office in Philadelphia and a report was prepared there by one in

authority who gave him a copy of it and sent him to the Standard Accident Insurance Company; a Mr. Scanlon acting for the insurance company referred claimant to three doctors who examined him; Scanlon later told claimant that the case was out of his hands because the doctors were of the opinion that claimant's disability was not caused by that accident. Claimant testified also that when he indicated that he intended to pursue the matter further Scanlon said: *"Why don't you go up to the Compensation Board and see what they can do about it?"* From this slender thread depends the argument for estoppel. At the compensation office an employe of the bureau prepared a petition for claimant on June 24, 1948. And on July 22, 1948 by answer filed, both the defendant employer and the insurance carrier averred that "any present disability [of claimant] is systemic in character and not associated with trauma." Prior to the first hearing before the Referee on February 24, 1949, claimant had retained skilled counsel of wide experience in workmen's compensation matters who represented him at that and all subsequent proceedings in this case. It is idle to assert that claimant was misled to his disadvantage by the above referral to the Pennsylvania Workmen's Compensation Office. The New Jersey statute of limitation had not then expired nor indeed until after the first hearing before the Referee and with notice of the nature of the defense on the merits, and with knowledge of the limitation of the exception in the Pennsylvania law, claimant, with competent counsel to advise him, nevertheless elected to proceed in this State.

In general, jurisdiction over the subject matter cannot be conferred by estoppel. *Rosenberry v. Gillan Bros. et al.,* 130 Pa. Superior Ct. 469, 197 A. 523. The exception of §101 with which we are concerned, is not

in the nature of a statutory limitation on the right of action which must be pleaded by one seeking to take advantage of it. The exception is a limitation on the power of the compensation authorities to make an award for disability from accident in another state. Accordingly lack of jurisdiction as a defense could be raised at any time.

Judgment affirmed.