## DiSimone, Appellant, *v.* Beam.

Argued September 27, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*Alexander F. Barbieri*, with him *Harry B. Hogemyer*, for appellant.

*Penrose Hertzler*, for appellee.

OPINION BY WRIGHT, J., November 13, 1956:

This is a workmen's compensation case in which Caroline DiSimone, mother of Peter Mario DiSimone, deceased, seeks compensation for herself and six of her children as alleged dependents of the decedent, who was fatally injured at Gaithersburg, Maryland, while in the employ of Merle A. Beam, the operator of a carnival known as Beam's Attractions. The Referee made an award which was affirmed by the Board. Upon defendant's appeal from that order, the lower court concluded as a matter of law that the finding of fact that decedent was a Pennsylvania employe within the exception of Section 101 of the Act[1] was not supported by the evidence. Judgment was accordingly entered for the defendant. This appeal by claimant followed.

On July 18, 1952, the decedent, a resident of New Jersey, was hired to work as a general man-about-concessions in appellee's carnival. The conversation resulting in decedent's employment took place at appellee's residence in Windber, Pennsylvania. On the day decedent was hired the carnival was playing at South Fork, a town in Pennsylvania near Windber. Appellee informed decedent that the carnival would remain at South Fork for three days and was then scheduled to go outside of Pennsylvania. The itinerary for the weeks immediately ensuing was explained to decedent, and included, in order, Winchester, Fredericksburg, and Petersburg, Virginia, and Ellicott City and Gaithers-

---

[1] The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, Section 101, as amended, 77 PS 1.

burg, Maryland. Decedent was first assigned to work as a counter man at the Bingo game. On August 13, because his work was unsatisfactory, decedent was relieved of his duties at the Bingo game and was assigned to work as a laborer on the "Spitfire". While assisting in the erection of this ride, he was crushed by a truck.

Section 101 of the Act provides in pertinent part that it "shall not apply to any accident occurring outside of the Commonwealth . . . except accidents occurring to Pennsylvania employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth, not over ninety days, when such employes are performing services for employers whose place of business is within the Commonwealth". The legislative history of Section 101 is accurately set forth in the following excerpt from the well considered opinion of Judge LANSBERRY :

"As originally enacted, the Workmen's Compensation Act of 1915 applied only to accidents occurring within the Commonwealth of Pennsylvania and specifically provided it should not apply to accidents occurring outside of the Commonwealth: 1915, P. L. 736, Sec. 101 (77 P.S. 1). By the amendment of 1929, P. L. 829, Sec. 1, the Act was extended to State employes outside of the Commonwealth engaged in the duly authorized business of the State. By a later amendment at the same session of the Legislature, 1929, P. L. 853, Sec. 1, the Act was extended to accidents 'occurring to Pennsylvania employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth, not over ninety days, when such employes are performing services for employers whose place of business is within the Commonwealth'. By an amendment of 1937, P. L. 1552, the word 'Pennsylvania' was deleted in characterizing the employes but this character-

ization was restored by the amendment of 1939, P. L. 520, resulting in the pertinent present language of the Act being that of the second 1929 amendment supra".

In *Bock v. Frampton & Co.*, 105 Pa. Superior Ct. 380, 161 A. 762, which was the first case construing the present statutory language, we said: "Manifestly, this amendment was intended by the lawmakers to extend the benefits of the statute to persons normally performing services within the Commonwealth for an employer whose place of business is within the Commonwealth, but who happened to be injured while they had gone temporarily beyond the limits of the Commonwealth in the performance of their duties. It seems clear that the term 'Pennsylvania employes' refers only to employes who perform the major portion of their services within the Commonwealth". This test was followed and applied in *Lutz v. State Workmen's Insurance Fund*, 124 Pa. Superior Ct. 149, 188 A. 364. It was approved by the Supreme Court in *Salkind v. Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co.*, 335 Pa. 326, 6 A. 2d 301. As was pointed out in *Stewart v. Thomas Earle & Sons, Inc.*, 150 Pa. Superior Ct. 591, 29 A. 2d 239, if the legislature was not satisfied with the interpretation, a change could have been readily effected. Our most recent consideration of the question was in *Kutt v. Beaumont Birch Co.*, 177 Pa. Superior Ct. 352, 110 A. 2d 816, and *Brown v. Ross Motor Lines*, 177 Pa. Superior Ct. 369, 110 A. 2d 839. These decisions reiterate the established principle that the statutory exception refers only to employes who perform the major portion of their services within the Commonwealth.

In his eighth finding of fact the Referee states that "there is no evidence to prove that the major portion of the decedent's duties were not to be performed in

Pennsylvania, nor how much of them he might have performed in this state had he not met with an untimely death . . ." In his tenth finding of fact the Referee states that "from the evidence your Referee finds that at the time of his accident the decedent was a Pennsylvania employe . . ." The claimant in a workmen's compensation case has the burden to prove all the elements necessary to support an award: *Giallonardo v. St. Joseph's College,* 177 Pa. Superior Ct. 87, 111 A. 2d 178. And see *Schaefer v. Central News Co.,* 179 Pa. Superior Ct. 559, 118 A. 2d 268. We agree with the court below that the Referee's eighth finding of fact is "wholly argumentative" and confuses the burden of proof, and that the Referee's tenth finding of fact is not supported by the evidence. The record discloses that neither the Bingo game nor the Spitfire ride were operated in Pennsylvania during the 1952 season after the carnival left South Fork. Of the thirty-two days during which decedent was employed by appellee he spent only the first three days working within Pennsylvania.

Appellant's argument is directed principally to the propositions (1) that findings of fact by the compensation authorities, supported by sufficient legally competent evidence, may not be disturbed by the appellate court, citing *Moore v. Hunt Mining Co.,* 163 Pa. Superior Ct. 94, 60 A. 2d 560, and *Lambing v. Consolidation Coal Co.,* 161 Pa. Superior Ct. 346, 54 A. 2d 291; and (2) that the evidence must be viewed in the light most favorable to the claimant and she must be given the benefit of every reasonable inference deducible therefrom, citing, inter alia, *Halloway v. Carnegie-Illinois Steel Corp.,* 173 Pa. Superior Ct. 137, 96 A. 2d 171, and *Leber v. Naftulin,* 179 Pa. Superior Ct. 22, 115 A. 2d 768. We are of course in accord with these well established principles. See *Nelson v. Borough of Greenville,* 181 Pa. Superior Ct. 488, 124 A. 2d 675. However, the

question whether or not there is evidence to support a particular finding of fact is one of law, and may be reviewed on appeal: *Rybitski v. Lebowitz,* 175 Pa. Superior Ct. 265, 104 A. 2d 161; *Giallonardo v. St. Joseph's College,* 177 Pa. Superior Ct. 87, 111 A. 2d 178. In the instant case we have concluded, as did the lower court, that there is insufficient evidence as a matter of law to support the finding that claimant's decedent was a Pennsylvania employe within the established meaning of the statutory exception.

Since what we have thus far said disposes of the appeal, it becomes unnecessary to consider appellee's contention that appellant failed to establish dependency.

Judgment affirmed.