Nemitz *v.* Air Services International, et al.

Argued October 2, 1972, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Thomas F. McDevitt,* for appellant.

*Roy N. LaRocca,* Special Assistant Attorney General, with him *John E. O'Connor,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellees.

OPINION BY JUDGE MENCER, December 21, 1972:

The single question raised in this Workmen's Compensation appeal is whether John V. Nemitz (Nemitz) was, at the time of his accidental death at sea, within that class of "employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth, not over six months when such employes are performing services for employers whose place of business is within the Commonwealth." Act of June 2, 1915, P. L. 736, art. I, §101, as amended by the Act of February 28, 1956, P. L. (1955) 1120, §1, 77 P.S. §1. It was either admitted or ruled upon by the Workmen's Compensation Board or the court below, and not appealed to us, that in this case the employer's place of business is within the Commonwealth, that Nemitz was an employe performing services for his employer at the time of the accident, that Nemitz died on January 6, 1967, and, if the stated question is resolved affirmatively, that Nemitz's widow is entitled to be paid compensation at the rate of $34 per week, subject to applicable time limitations.

The referee found that Nemitz's employment was within the class exception of Section 1 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §1, and that the widow was entitled to receive compensation benefits. The Workmen's Compensation Board af-

firmed the referee's findings and awarded compensation and on appeal the Court of Common Pleas of Monroe County reversed. This appeal followed.

The facts are not in dispute. Nemitz served as an aircraft ferry pilot. His employer was an export agent for Piper Corporation, manufacturers of small aircraft, and engaged in the business of ferrying Piper aircraft to distributors, dealers and customers overseas. On January 6, 1967, while ferrying a Piper plane for his employer from Mount Pocono, Pennsylvania, to Munich, Germany, Nemitz was lost at sea some 350 miles off Shannon, Ireland. An extensive search for pilot and plane was undertaken by many aircraft, but neither was found. Subsequently, legal proceedings in New Jersey concluded in John V. Nemitz's being declared legally dead. The fatal flight was Nemitz's fiftieth flight for his employer. All flights originated in Pennsylvania and, except in three instances, all flights were to overseas destinations. The three flights not ending overseas were terminated at Kennedy International Airport, New York. Nemitz performed no other services for his employer.

As originally enacted, the Workmen's Compensation Act of 1915 applied only to accidents occurring within the Commonwealth of Pennsylvania. By a 1929 amendment, the Act was extended to State employes outside the Commonwealth engaged in the duly authorized business of the State. A later amendment at the same session of the Legislature, 1929, P. L. 853, §1, extended the Act to accidents occurring to Pennsylvania employes whose duties required them to go temporarily (not over ninety days) beyond the territorial limits of the Commonwealth. By the amendment of 1956, P. L. (1955) 1120, the word "Pennsylvania" was deleted in characterizing the employes, and the time limit for employes temporarily beyond the limits of the

Commonwealth was extended to a period not over six months.

The lower court concluded that the elimination, by the 1956 amendment, of the word "Pennsylvania," identifying "employes" in the exception portion of the section with which we are here confronted, did not change the established test that the term "Pennsylvania employes" referred only to employes who performed the major portion of their services within the Commonwealth. A long and impressive group of cases,[1] commencing with *Bock v. D. B. Frampton & Co.*, 105 Pa. Superior Ct. 380, 161 A. 762 (1932), and ending with *DiSimone v. Beam*, 182 Pa. Superior Ct. 274, 126 A. 2d 799 (1956), followed this test in considering the term "Pennsylvania employes."

The only case which we have been able to find that has passed upon a fact situation where the Act has used the term "employes" rather than "Pennsylvania employes" is that of *Koeppel v. Royal Clothing Company*, 150 Pa. Superior Ct. 610, 29 A. 2d 241 (1942). We distinguish the fact situation in *Koeppel* from the one here. In *Koeppel* the employe was a traveling salesman for a Pennsylvania based clothing manufacturer. He was a resident of Chicago, Illinois, at the time of his accident in the State of Iowa. His sales territory included the States of Iowa, Minnesota, North Dakota, South Dakota, Nebraska and Wisconsin. Koeppel was not required at any time or for any purpose to enter the Commonwealth of Pennsylvania, but in fact he did

---

[1] *See Lutz v. State Workmen's Insurance Fund*, 124 Pa. Superior Ct. 149, 188 A. 364 (1936) ; *Salkind v. Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co.*, 335 Pa. 326, 6 A. 2d 301 (1939) ; *Stewart v. Thomas Earle & Sons, Inc.*, 150 Pa. Superior Ct. 591, 29 A. 2d 239 (1942) ; *Brown v. Ross Motor Lines*, 177 Pa. Superior Ct. 369, 110 A. 2d 839 (1955), and *Kutt v. Beaumont Birch Co.*, 177 Pa. Superior Ct. 352, 110 A. 2d 816 (1955).

do so about six times a year and remained for two or three days, during which time he would discuss changes in the lines of clothing sold and selling points. The Superior Court held that upon these facts Koeppel was performing services exclusively outside of the Commonwealth, and to hold that he was temporarily beyond the territorial limits of the Commonwealth would require an unwarranted distortion of the nature of his employment.

Here, however, Nemitz did not perform his services exclusively outside the Commonwealth but was required to start each delivery trip from his employer's airfield in Pennsylvania. Further, and more significant, was the fact that Nemitz had to return to Pennsylvania for his next assignment and trip. The nature of his employment was therefore different from Koeppel's and literally and actually met the definition of "temporarily beyond the territorial limits of the Commonwealth." *Webster's New International Dictionary* (2d ed. 1954) defines "temporary" as "1. Lasting for a time only; existing or continuing for a limited time; not permanent; ephemeral; transitory . . . . 2. Pertaining to a certain time . . . ." We think these definitions apply to the nature of Nemitz's employment.

We are also mindful that Pennsylvania courts have held that The Workmen's Compensation Act, being remedial legislation, must be liberally. construed, and borderline interpretations resolved in favor of those whom it intended to benefit. *Wall v. Conn Welding & Machine Company*, 197 Pa. Superior Ct. 360, 179 A. 2d 235 (1962) ; *Gilbert v. Aronimink Country Club*, 214 Pa. Superior Ct. 70, 251 A. 2d 724 (1969).

Nemitz was an employe whose duties required him to go temporarily beyond the territorial limits of the Commonwealth. At the time of his fatal accident he was performing services for his employer whose place

of business was within the Commonwealth. Such being the case, Nemitz falls within the limits of the exception provision, as now worded, of Section 1 of The Workmen's Compensation Act, 77 P.S. §1.

Our conclusion is based on the 1956 amendment to the Act which deleted the identifying word "Pennsylvania" from the word "employes." It is a fundamental rule of statutory construction that a change of language indicates a change of legislative intent. *See Haughey v. Dillon,* 379 Pa. 1, 108 A. 2d 69 (1954); *Sekel v. Iagenemma,* 170 Pa. Superior Ct. 621, 90 A. 2d 587 (1952). It is our view that the 1956 amendment was intended to, and did, change the test enunciated in the line of cases culminating in *DiSimone v. Beam, supra.*

The order of the lower court setting aside the award made by the Workmen's Compensation Board in favor of Elizabeth Nemitz, widow of John V. Nemitz, deceased, is reversed, and the award of the Referee, affirmed and adopted by the Workmen's Compensation Board, is reinstated.

---

DISSENTING OPINION BY JUDGE WILKINSON:

I cannot agree that an individual who lives in New Jersey, who is hired to ferry aircraft overseas, and merely comes into the Commonwealth to pick up the aircraft, is only temporarily out of the Commonwealth performing his duties of employment when he is ferrying the aircraft abroad. On the contrary, both in terms of time spent and duties performed, to me he is only temporarily in the Commonwealth to pick up the aircraft.

The majority opinion relies heavily on the fact that he returns to the Commonwealth to pick up the next plane. Again, to me this would dictate just the op-

posite result. His duties were to ferry aircraft abroad. He was paid a flat sum for each trip. He returned to his home in New Jersey. His next trip into Pennsylvania was incident to picking up his next new duty assignment to ferry another aircraft abroad.

While not controlling, the Circuit Court of Appeals for the Sixth Circuit had occasion to intepret this very provision of our Workmen's Compensation Act as it applies to an airplane pilot who initiated his flights in New York, flew over Pennsylvania, landed in Pittsburgh, and then continued on to Birmingham, Alabama, where he was killed. The Circuit Court held that he was excluded from the benefits of the Act since the accident occurred outside the Commonwealth and he was not merely "temporarily beyond the territorial limits of the Commonwealth." *Duskin v. Pennsylvania-Central Airlines Corporation*, 167 F. 2d 727, 731 (1948).

It seems to me that this decision interprets the Workmen's Compensation Act to mean that a person who is expressly employed to perform substantially all his duties outside Pennsylvania and whose only connection with Pennsylvania is merely returning to Pennsylvania at least once every six months to pick up a new foreign assignment involving his immediate departure from the Commonwealth, is covered by the Act for accidents outside the Commonwealth. I do not consider such a situation a borderline decision but rather an unwarranted extension of the plain language of the Act.

I dissent.

President Judge BOWMAN and Judge ROGERS join in this dissent.