## March Brownback Company, Inc., et al. *v.* Favinger, et al.

Argued January 9, 1973, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John F. McElwenny,* for appellants.

*David L. Allebach, Jr.,* with him *Reynier & Crocker,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 19, 1973:

The sole issue before this Court on appeal is whether the decedent in this workmen's compensation case was temporarily beyond the territorial limits of the Commonwealth when he met his death as the result of an accident.

Decedent had been employed by March Brownback for approximately twenty-two years as a maintenance man. The employer had operated a foundry business in Pottstown, Pennsylvania. In anticipation of a move of the business operation from Pottstown to Plainfield, New Jersey, decedent was sent to Plainfield on July 10, 1968 to assist in setting up equipment for the new operation. In the pursuit of this assignment, he would drive to Plainfield on the Monday of each work week from his home in Pottstown and stay at night on the grounds there in a camper truck which he owned. He occasionally drove back to Pottstown on Wednesday night and always returned on weekends. While so involved in the setting up of equipment for the move of the business, he was injured in an explosion in the

course of employment on July 30, 1968 and subsequently died.

After hearings held upon a fatal claim petition filed by his widow, the referee awarded compensation benefits and reimbursement of certain bills. This action was affirmed by the Workmen's Compensation Appeal Board.

In this appeal, the employer contends that this was not a temporary assignment of work outside Pennsylvania but was the beginning of decedent's permanent employment in New Jersey. We disagree and hold that the evidence on the record supports the findings and conclusions of the Board.

Since the claimant, who had the burden of proof, prevailed below our review of the Board's decision is limited to a determination of whether there is substantial evidence to support the Board's findings giving to the claimant the benefit of the most favorable inferences deducible from the testimony. *Nash v. Sandnes' Sons, Inc.,* 6 Pa. Commonwealth Ct. 403, 295 A. 2d 615 (1972); *Bambrick v. Asten Hill Mfg. Co.,* 5 Pa. Commonwealth Ct. 664, 291 A. 2d 354 (1972). We also realize that the Workmen's Compensation Act must be liberally construed in favor of an injured employe. *Sims v. American Can Co.,* 6 Pa. Commonwealth Ct. 423, 296 A. 2d 290 (1972); *Whitehead v. Casey Building Wreckers,* 6 Pa. Commonwealth Ct. 256, 294 A. 2d 215 (1972).

Section 101 Workmen's Compensation Act[1] extends compensation benefits for "accidents occurring to Pennsylvania employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth, not over ninety days, when such employes are performing services for employers whose place of business is within the Commonwealth."

---

[1] Act of June 2, 1915, P. L. 736, Art. 1, §101, as amended, 77 P.S. §1.

There is no doubt that March Brownback was moving its business to New Jersey and that it was sending its workers there to prepare the new facilities. At the time of the accident, however, it was still operating in Pottstown and it had not commenced business operations in New Jersey. The decedent continued to maintain his home and family in Pottstown and prior to his death he was at least a week-end commuter. His widow had testified that they had not planned to move. This was corroborated by the testimony of his brother-in-law, a fellow employe, who said that decedent positively disavowed an intention to go with the business to New Jersey. He had gone to New Jersey for the working days from July 10 to July 30 and his paychecks including the period of the accident were drawn on a Pottstown bank. He was assigned to assist in "setting up" the facilities in New Jersey so that the business would make the change with a minimum of interruption. The "setting up" of facilities to us connotes a temporary operation. The testimony of the owner allowed that it was possible that decedent could have been assigned duties in Pottstown after the "setting up" was completed. There was no evidence to support the contention that he was permanently employed in New Jersey.[2]

We find no cases directly on point with this factual situation. However, *Nemitz v. Air Services International, et al.*, 7 Pa. Commonwealth Ct. 373, 298 A. 2d 654 (1972) and cases cited therein are instructive and support our realistic approach to this factual setting.

We hold that the evidence supports the Board's conclusion that at the time of his fatal accident, decedent was performing services for his employer whose place of business was within the Commonwealth.

---

[2] The fact that the workmen's compensation insurance coverage had been amended to include activities in Plainfield is not determinative since coverage continued to include the Pottstown activity.

## ORDER

AND Now, this 19th day of April, 1973, the Workmen's Compensation Appeal Board's order sustaining the Referee's award is hereby affirmed. Judgment is entered in favor of the claimant, Joyce T. Favinger and against March Brownback Company, Inc., and Pennsylvania Manufacturers' Association Insurance Company in the amount of $2,240.40 for medical bills and funeral expenses and for compensation at the rate of $39.00 per week beginning from August 4, 1968 together with interest at the rate of 6% per annum on deferred installments from the date due to date paid and continuing for an indefinite period, all within the terms and limitations of the Pennsylvania Workmen's Compensation Act.